

FILED

11/10/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0516

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 20-0516

DON DANIELS, as Conservator of the Estate of
SARAH DANIELS,

Plaintiff and Appellee,

v.

GALLATIN COUNTY, ATLANTIC SPECIALTY
INSURANCE COMPANY, RICK BLACKWOOD
and JOHN DOES I-V,

Defendants and Appellants.

O R D E R

Appellee Don Daniels, as Conservator of the Estate of Sarah Daniels, has moved to dismiss this appeal. Appellant Atlantic Specialty Insurance Company (ASIC) opposes Daniels's motion.

This action involves a negligence action against Gallatin County. ASIC provided insurance coverage to the County at the time of the incident that is the subject of the action. On September 22, 2020, the Eighteenth Judicial District Court entered a Memorandum and Order Re: Cross Motions for Partial Summary Judgment on Count I of the Amended Complaint, in which it granted partial summary judgment in Daniels's favor and denied ASIC's cross-motion for summary judgment, ruling that ASIC could not rely on the $750,000 damage cap found at § 2-9-108(1), MCA, because of the exception set forth at § 2-9-108(3), MCA. On September 29, 2020, the District Court entered an Order Re: Count III that dismissed without prejudice Count III of Daniels's Amended Complaint, which had raised an as-applied constitutional challenge to § 2-9-108, MCA.

On October 22, 2020, ASIC filed a Notice of Appeal, in which ASIC noted that although it was appealing these Orders, it acknowledged that it had filed a Motion to Alter or Amend under M. R. Civ. P. 59(e) in the District Court that the court had not yet ruled

upon, and that these Orders were not certified as final under M. R. Civ. P. 54(b).[1]

Daniels moves to dismiss ASIC's appeal. He argues that the appeal cannot be taken because the Orders are interlocutory and are not certified as final for purposes of appeal as provided by M. R. Civ. P. 54(b). ASIC responds that, rather than dismissing this appeal, we should stay the appeal until the issues are ripe. We disagree.

The District Court's Orders are interlocutory; as such, without Rule 54(b) certification from the District Court, they are not properly before this Court on appeal. "[T]his Court will dismiss cases, even fully briefed cases, improperly brought on appeal under M. R. Civ. P. 54(b)." *Rogers v. Lewis & Clark Cty.*, 2020 MT 230, ¶ 10, 401 Mont. 228, 472 P.3d 171 (citations omitted).

IT IS THEREFORE ORDERED that this appeal is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that this matter is REMANDED to the District Court.

The Clerk is directed to provide copies of this Order to all counsel of record.

Dated this 10ᵗ day of November, 2020.

Justices

---

[1] We are aware that ASIC has moved the District Court for Rule 54(b) certification and that motion is pending.